UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD T. ARNOLD,

        Plaintiff,

                                      File No.  1:04-CV-69

v.

                                      HON. ROBERT HOLMES BELL

LUEDTKE ENGINEERING CO.,

        Defendant.
                                     /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Richard T. Arnold's motion to disallow Defendant Luedtke Engineering Co.'s Bill of Costs. On February 17, 2005, the Court granted Defendant's motion for summary judgment holding that Plaintiff failed to qualify as a "seaman" for Jones Act purposes. *Arnold v. Luedtke Engineering*, 357 F. Supp.2d 1019, 1027 (W.D. Mich. 2005). Thereafter, Defendant filed a proposed Bill of Costs seeking to tax as costs $7,186.63. Plaintiff filed a timely objection. For the reasons stated below, the Court grants Plaintiff's motion to disallow Defendant's Bill of Costs.

I.

Rule 54(d) of the Federal Rules of Civil Procedure provides, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." This language "creates a presumption in favor of awarding costs, but allows denial of costs at the

discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Thus the unsuccessful party has the burden of overcoming the presumption favoring an award of costs. *Soberay Mach. & Equip. Co. v. MRE Ltd., Inc.,* 181 F.3d 759, 770 (6th Cir. 1999); *Goostree v. Tennessee*, 796 F.2d 854, 863 (6th Cir. 1986) ("[I]t is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party."). The Court may deny costs to the prevailing party if "it would be inequitable *under all the circumstances in the case* to put the burden of costs upon the losing party." *White & White, Inc.*, 786 F.2d at 730 (quoting *Lichter Foundation, Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)) (emphasis in original).

The Sixth Circuit has set forth certain circumstances in which a denial of costs is a proper exercise of discretion: 1) where taxable expenditures are unnecessary or unreasonably large; 2); where the prevailing party should be penalized for unnecessarily prolonging trial or injecting unmeritorious issues; 3) where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and 4) cases that are close and difficult. *White & White, Inc.*, 786 F.2d at 730, *see also Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665, 670 (W.D. Mich. 1991).

While Plaintiff raises numerous objections to the Bill of Costs, the Court finds that one objection is dispositive. Plaintiff argues that an award of costs should be barred because this case was "close and difficult." In *White & White*, the Sixth Circuit explained that "the

closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." This Court has previously held that a denial of costs was appropriate where the case is close and difficult. *See Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665, 670 (W.D. Mich. 1991) (Enslen, J.) (denying an award of costs in "close and difficult" ERISA case). *But see Pion v. Liberty Dairy Co.*, 922 F. Supp. 48, 51 (W.D. Mich. 1996) (Miles, J.) (holding that a "relatively straightforward claim of sex discrimination" was not a close case.).

The legal and factual issues in this case were close and difficult. While summary judgment was entered in Defendant's favor, the case required a careful scrutiny of the relevant evidence and law. In fact, the Court's previous opinion recognized the closeness of the issues at stake in this case. *See Arnold*, 397 F. Supp.2d at 1026. Further, the difficulty of the issues is exemplified by the fact that during the course of the litigation, on the eve of the release of the Court's opinion, the Supreme Court altered a significant aspect of the governing law. *See Stewart v. Dutra Construction Co.*, 543 U.S. ___, 125 S. Ct. 1118 (2005) (clarifying the definition of "vessel" for purposes of the Longshore and Harbor Workers' Compensation Act and the "seaman" status test under the Jones Act). The *Stewart* decision effectively reversed then-governing Sixth Circuit precedent set forth in *Hatch v. Durocher Dock and Dredge, Inc.*, 33 F.3d 545 (6th Cir. 1994). In short, this was not a frivolous case.

Rather it was one in which the factual and legal issues were close enough that it is not necessary to assess costs.[1]

Moreover, the Court is also mindful that an award of costs in a case such as this would have a chilling effect on claims by employees seeking benefits provided under the Jones Act. *See Rosser v. Pipefitters Union Local 392*, 885 F. Supp. 1068 (S.D. Ohio 1995) (noting that the chilling effect of an award of costs is a relevant factor). The Jones Act is a remedial federal statute in which an injured employee can recover damages for his employers' negligence or for vessel unseaworthiness. 46 U.S.C. § 688. The imposition of costs in such a case as this would dissuade other injured employees from asserting a Jones Act claim in fear that if they do not prevail, they will be assessed costs of the litigation. This would be an unnecessary chilling effect on Jones Act benefits. Plaintiff's claim was not frivolous and imposition of costs would not be equitable under the circumstances. *See White & White, Inc.*, 786 F.2d at 730. The parties will be responsible for their own costs. Accordingly,

**IT IS HEREBY ORDERED THAT** Plaintiff's motion to disallow costs (Docket #75) is **GRANTED**.

Date:   April 28, 2005                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Plaintiff prosecuted this case in good faith. *See White & White*, 786 F.2d at 730 (noting that the losing party's good faith is a relevant, but not dispositive, factor in denying costs) (citing *Coyne-Delany v. Capital Dev. Bd. of Illinois*, 717 F.2d 385, 390 (7th Cir. 1983)).